# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| HAWK TECHNOLOGY SYSTEMS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> MAGPIE GROUP, LLC, <br><br> Defendants. | C.A. No. 6:20-cv-883 <br><br> PATENT CASE <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Hawk Technology Systems LLC ("Hawk" or "Plaintiff") files this Complaint for Patent Infringement against Defendant Magpie Group, LLC ("Magpie" or "Defendant").

## NATURE OF ACTION

1. This is an action for infringement of U.S. Patent No. 10,499,091 ("the '091 Patent").

## PARTIES

2. Plaintiff is a Florida limited liability company with a principal place of business at 26611 Woodward Avenue, Huntington Woods, MI, 48070.

3. On information and belief, Defendant is a Texas limited liability company, with its principal place of business at 1107 S 8th St., Austin, TX 78704. Defendant does business in this District, directly or through intermediaries and offer their products and/or services, including those accused herein of infringement, to customers and potential customers located in this District.

## JURISDICTION AND VENUE

4. This action arises under the Patent Act, 35 U.S.C. § 1 *et seq.*

5. Subject matter jurisdiction is proper in this Court under 28 U.S.C. §§ 1331 and 1338.

6. This Court has personal jurisdiction over Defendant because (i) Defendant conducts business in this District, directly or through intermediaries; (ii) at least a portion of the alleged infringement occurred in this District; and (iii) Defendant regularly solicits business, engages in other persistent courses of conduct, or derives revenue from goods and services provided to individuals in this District.

7. Venue is proper in this district pursuant to 28 U.S.C. §§ 1400(b). Defendant is a resident of this District. Alternatively, acts of infringement are occurring in this District and Defendant has a regular and established place of business in this District at, for example, 1107 S 8th St., Austin, TX 78704.

8. Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process, due at least to Defendant's substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and/or (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in this District.

## THE PATENTS-IN-SUIT

9. On February 12, 2013, the United States Patent and Trademark Office ("USPTO") issued the '091 Patent, titled "High-Quality, Reduced Data Rate Streaming Video Production and Monitoring System" to Kinya ("Ken") Washino of Dumont, NJ and Barry H. Schwab of West Bloomfield, MI. A true and correct copy of the 091 Patent is provided at Exhibit A.

10. Plaintiff is the owner and assignee of all necessary rights, title, and interest in the '091 Patent.

11. The '091 Patent is presumed valid under 35 U.S.C. § 282(a).

## BACKGROUND

12. Ken Washino and Barry Schwab are the inventors of the inventions claimed and disclosed in the '091 Patent.

13. Mr. Washino and Mr. Schwab each embody the spirit of the ingenuous tinkerer who uses inventive skills and a deep understanding of the industry to resolve a long standing problem and succeeded where others had failed.

14. Mr. Washino was born in Aichi Prefecture, Japan, on February 21, 1953. His parents operated a small commercial farm in this rural area. He became interested in communications and electronics at an early age, acquiring an amateur ham radio license by the time he was thirteen years old. During his junior high school and high school years, he built a transmitter and receiver from salvaged parts of an old tube television. From such experiences, he learned the basics of analog communications.

15. In 1974, Mr. Washino found a position as an audio recording engineer with a Japanese documentary film company working in the U.S. This expanded to other production and post-production tasks. During the years that Mr. Washino worked in this business, he gained a working knowledge of film production and of production and post-production processes.

16. After Mr. Washino returned to Japan, he earned an Electronics Engineering degree from Nihon Kogakuin Technical College in Tokyo in 1979, and in 1981 acquired a first class broadcast engineering license. By that time, Mr. Washino was already working as a camera design engineer for Ikegami, a Japanese manufacturer of high-end video cameras. In 1985, he

was appointed Video Field Sales Engineer and sent to the U.S. This experience enabled Mr. Washino to acquire a deep insight into the competitive market for equipment and services and to appreciate the needs of and problems encountered by video professionals. Mr. Washino then decided to establish himself in the U.S. permanently and formed his own video services company, focused on video production, post-production, and video cassette duplication in New York City.

17. By late 1986, Mr. Washino had acquired the market knowledge, technical skills, and financial resources to begin working on some of the ideas he had to improve efficiency and preserve quality in video field production. He identified the need for a universal camera control system and developed a prototype. Subsequent experimentation with early digital video devices soon lead to his 1992 inventions for Video Field Production, Video Monitoring and Conferencing, and PC-Based Audio/Video Production. In 1989, Mr. Washino began working on high-speed video duplication and filed his first patent application with Mr. Schwab in 1993.

18. From then on, Mr. Washino developed a long series of inventions related to video production, post-production and signal distribution that could accommodate the coming digital and High-Definition "multiple format" future.

19. By October, 2014, Mr. Washino had been granted twenty U.S. patents on inventions for which he is the inventor or co-inventor, with fourteen foreign equivalents.

20. Mr. Schwab was born in Chicago, Illinois on April 11, 1947. He holds a BS degree in Chemical Physics from MIT (Massachusetts Institute of Technology), a MS degree in Physics from Brown University, and has done post-graduate work towards a Ph. D. in Physics at the University of Illinois. He has taught classes in both Chemistry and Physics at the college level.

21. Mr. Schwab served in various capacities at HP/EDS Corporation, including responsibility for Worldwide Y2K Readiness auditing for a large Automotive manufacturer, and managing Enterprise-wide software implementations. Previously, he was President of SABRE Corporation, a technology consulting company that has contracted for services to Sony, MCA, PolyGram and other electronics industry and entertainment companies. Before that, Mr. Schwab was VP-Technology for Technicolor, Inc., and held senior engineering, operational, and quality management posts with Technicolor, CBS/Fox Video, 20th Century Fox Video, and Bell & Howell Video.

22. Mr. Schwab also is a named inventor on more than forty patents, ranging from consumer products to secure network computing to various areas of video technology.

23. Mr. Washino and Mr. Schwab have collaborated on a number of other pioneering inventions resulting in patents in the areas of video archiving, video downloading and digital cinema.

24. The '091 Patent is directed to the field of video production, photographic image processing, and computer graphics. The invention disclosed in the '091 Patent includes a method performed by a video surveillance system, by which multiple simultaneously displayed and stored video images may be viewed by a user.

25. According to one aspect, during user configuration for a remote display device, the images to be displayed are selected, and the parameters are determined, based on the number of image windows displayed and the available bandwidth for the communication link.

## COUNT I
## DIRECT INFRINGEMENT OF U.S. PATENT NO. 10,499,091

26. Plaintiff incorporates by reference each of its foregoing allegations.

27. Defendant, in providing its services, has used and/or uses Eagle Eye surveillance systems ("Accused Product"). See Exhibit B.

28. Without license or authorization, and in violation of 35 U.S.C. § 271(a), Defendant has directly infringed one or more claims of the '091 Patent, literally or under the doctrine of equivalents, by using the Accused Product, as exemplified by the '091 claim chart shown in Exhibit C.

29. The claims of the '091 Patent are understandable to a person of ordinary skill in the art who has the requisite education, training, and experience with the technology at issue in this case.

30. A person of ordinary skill in the art understands Plaintiff's theory of how Defendant's use of the Accused Product infringes the claims of the '091 Patent upon a plain reading of this Complaint, the '091 Patent, and Exhibit C.

31. Plaintiff reserves the right to modify its infringement theories as discovery progresses in this case; it shall not be estopped for infringement contention or claim construction purposes by the claim charts that it provides with this Complaint. The claim charts are intended to satisfy the notice requirements of Rule 8(a)(2) of the Federal Rule of Civil Procedure; they do not represent Plaintiff's preliminary or final infringement contentions or preliminary or final claim construction positions.

## PRAYER FOR RELIEF

Plaintiff requests the following relief:

A. Judgment that Defendant has directly infringed the Patent-in-Suit under 35 U.S.C. § 271(a);

B.  An accounting of all infringing acts including, but not limited to, those acts not presented at trial;

C.  An award of damages under 35 U.S.C. § 284 adequate to compensate Plaintiff for Defendant's past infringement, together with interest and costs;

D.  An Order that Defendant cease and desist infringing the Patent-in-Suit; and

E.  Such further relief at law or in equity that this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all claims and issues so triable under Federal Rule of Civil Procedure 38(b).

Dated: September 29, 2020

Respectfully Submitted,

*/s/ Jay Johnson*
**JAY JOHNSON**
State Bar No. 24067322
**D. BRADLEY KIZZIA**
State Bar No. 11547550
**KIZZIA JOHNSON, PLLC**
1910 Pacific Ave., Suite 13000
Dallas, Texas 75201
(214) 451-0164
Fax: (214) 451-0165
jay@kjpllc.com
bkizzia@kjpllc.com

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

The undersigned certifies that all counsel of record for Defendant are being served with a copy of this document via the Court's CM/ECF system on September 29, 2020.

*/s/ Jay Johnson*
Jay Johnson